FREDERICK A. SANSOME, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26032. Promulgated April 10, 1931.

*R. M. O'Hara, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

OPINION.

MATTHEWS: The issue presented is with respect to the proper method of taxing the amount received by petitioner in 1923 upon the distribution of a portion of the assets of the Poidebard Silk Products Corporation. It is the position of the respondent that the entire amount of $112,500 received by petitioner in 1923 constitutes a taxable dividend under the provisions of the Revenue Act of 1921. The petitioner points out that the Poidebard Silk Products Corporation, the dissolved corporation, reported operating losses for each year it was in existence and contends that inasmuch as the petitioner paid $150,-750 for the stock which he acquired in 1921 and received only $112,500 in 1923, there was no taxable distribution in that year. It is the petitioner's position that the entire amount distributed should be applied against the cost of the stock and that it is only the excess over cost which is taxable to the petitioner in the year in which such excess is received.

1174

This case is governed by the Revenue Act of 1921, from which we quote the following pertinent provisions:

SEC. 201. (a) That the term "dividend" when used in this title * * * means any distribution made by a corporation to its shareholders or members, whether in cash or in other property, out of its earnings or profits accumulated since February 28, 1913, * * *.

(b) For the purposes of this Act every distribution is made out of earnings or profits, and from the most recently accumulated earnings or profits, to the extent of such earnings or profits accumulated since February 28, 1913; * * *

(c) Any distribution (whether in cash or other property) made by a corporation to its shareholders or members otherwise than out of (1) earnings or profits accumulated since February 28, 1913, or (2) earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, shall be applied against and reduce the basis provided in section 202 for the purpose of ascertaining the gain derived or the loss sustained from the sale or other disposition of the stock or shares by the distributee.

* * * * * * *

SEC. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property * * *.

It is well settled that a liquidating distribution under the 1921 Act is taxable as a dividend and not as a capital gain, to the extent that it is a distribution of earnings or profits accumulated since February 28, 1913. In *Frank D. Darrow*, 8 B. T. A. 276, we held that dividends, as defined in section 201 quoted above, include distributions in liquidation of a corporation to the extent of the earnings or profits accumulated since February 28, 1913, such earnings when distributed in liquidation being subject to the surtax and exempt from the normal tax. The following quotation is taken from our opinion in that case:

* * * Congress [in the Revenue Act of 1921] dropped the distinction between liquidating dividends and dividends as defined in section 201(a) which it has recognized in the 1918 Act, and declared anew its intent to tax as dividends all distributions of earnings accumulated since February 28, 1913, whether the same be made in liquidation or otherwise, as was the case under the 1916 and 1917 Acts. This clearly appears from the provision of the new subdivision (c) that "any distribution * * * made * * * *otherwise* than out of (1) earnings or profits accumulated since February 28, 1913, * * * shall be applied against and reduce the basis provided in section 202" for determining gain or loss on the sale or other disposition of property. Earnings or profits accumulated since February 28, 1913, distributed in liquidation are to be excluded from the computation of gain derived or loss sustained from such distribution, and are to be taxed as other dividends, regardless of whether there is a gain derived or loss sustained from such distribution. * * *

The respondent claims that the instant case comes within this ruling, which has been cited with approval and followed in many decisions of the Board, including *Philetus W. Gates*, 9 B. T. A. 1133; *Eric A. Pearson et al.*, 16 B. T. A. 1405; *W. E. Guild et al.*, 19 B. T. A. 1186; *Northern Trust Co., Trustee, et al.*, 20 B. T. A. 866; *Hamilton Woolen Co.*, 21 B. T. A. 334.

The deficiency asserted by the respondent is based on the theory that the entire distribution of $312,500 made in 1923, of which amount the petitioner received $112,500, was made out of earnings or profits accumulated since February 28, 1913. The respondent relies upon the fact that in the income tax return filed by the Poidebard Silk Products Corporation for the fiscal year ended November 30, 1923, Schedule L, Reconciliation of Net Income and Analysis of Changes in Surplus, contains the following:

> 8. Surplus and undivided profits as shown by balance
> sheet at close of preceding taxable period_____ $460,230.93

It is argued on behalf of the respondent that inasmuch as this item of $460,230.93 was reported as surplus and is in excess of the amount distributed in 1923, such distribution must be treated as a distribution in liquidation which is taxable as a dividend and not as a capital gain.

We do not agree with the respondent's position. We have found that the Poidebard Silk Products Corporation was organized in April, 1921, with an authorized capital of 10,000 shares of stock of no par value. This corporation purchased the assets and assumed the liabilities of the Poidebard Silk Manufacturing Company. No money was advanced, but for each share of stock of the Poidebard Silk Manufacturing Company the holder thereof received 5 shares of stock of the Poidebard Silk Products Corporation. There was a reorganization, within the meaning of section 202(c)(2) of the Revenue Act of 1921, which did not result in any gain or loss to the stockholders at the time the new corporation was organized. Although the new corporation took over all the assets of the old company in exchange for its stock, any undivided profits or earnings of the old company were not acquired as profits or earnings of the new corporation. Any amount appearing on the books of the old company as surplus or undivided profits, which was carried forward on the books of the new corporation as surplus, was a part of its capital, and in any event was nothing more than paid-in surplus.

It is recognized that if there had been any earnings of the new corporation, a distribution to the extent thereof would be taxable as a dividend under the Revenue Act of 1921, in accordance with the ruling in the *Frank D. Darrow* case, *supra*, but it must be remembered that there could have been no distribution from earnings or profits in the instant case, because the new corporation sustained an operating loss for each year it was in existence. As was said by the Board in the case of *Louise Glassell Shorb*, 22 B. T. A. 644:

> It is our opinion that in the case of a corporation organized subsequent to March 1, 1913, there can be no accumulated earnings or profits until an operating deficit is made good, and that the Glassell Development Company did not

**1176**

have in 1924 any accumulated profits or earnings from which to pay dividends. The distribution in question was, therefore, made out of capital and did not constitute income to the recipients.

See also *J. L. Washburn,* 16 B. T. A. 1091, and cases cited therein.

In view of the foregoing, we are of the opinion that the respondent erred in taxing as a dividend the sum of $112,500 received by the taxpayer in 1923. The total amount received by the petitioner as a stockholder of the dissolved corporation should be applied against the cost of his stock. Any excess over cost is, under the provisions of the statute, taxable at normal and surtax rates in the year in which such excess is received. There is no deficiency for the year 1923.

*Judgment will be entered for the petitioner.*